No. 11,662.

ANDERSON v. STERLING LUMBER AND INVESTMENT Co.

Decided May 9, 1927.

Action on promissory note.   Judgment for plaintiff.

*Affirmed.*

1.   EVIDENCE—*Note—Indorsement.*   Admission in evidence of a note payable to a corporation and indorsed by its vice president without proof of that officer's signature, if error, held cured by subsequent proof.

2.      *Alteration of Instruments.*   A contract containing interlineations and erasures held admissible in evidence where the notary who drew the instrument and took the acknowledgment thereof had placed his initials on the margin opposite each change.

3.      *Letter.*   Letter from the grantor of property to the effect that there was no agreement on the part of the grantee to assume a mortgage indebtedness and written after suit was begun against grantee to collect, held properly excluded.

*Error to the District Court of Yuma County, Hon. L. C. Stephenson, Judge.*

Mr. AVERY T. SEARLE, Messrs. MUNSON & JONES, for plaintiff in error.

Messrs. BARTELS & BLOOD, Mr. ARTHUR H. LAWS, for defendant in error.

*Department One.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE defendant in error was plaintiff below and had judgment against Anderson in an action based on a clause in a warranty deed from one Hesp to him whereby he assumed and agreed to pay a note secured by a mort-

gage on the land conveyed.   The note was payable to The Schilling Lumber Company and bore the endorsement of that company by C. W. Richardson, vice president.   The answer denied the contract to assume and the indorsement.   The judgment must be affirmed.

1. Plaintiff in error argues that the note was erroneously admitted, and that he should have had judgment, because the signature of the vice president was not proved.   The court, however, permitted the handwriting and official character of that officer to be proved after plaintiff rested, by which the error, if any, was corrected.

2. The court admitted in evidence the contract, signed by defendant and Hesp, pursuant to which said warranty deed was made.   It contained an agreement to assume the mortgage note.   The objection was made, and is here renewed, that it contained material erasures and interlineations; at each one, however, the margin bore the initials of the notary who drew the contract and took the acknowledgment thereof and none related to the point in question.   There was no error in this matter.

3. The remaining point is that the court erred in rejecting defendant's offer in evidence of a letter from Hesp to one Searle written after the suit was begun, in which he said there was no agreement to assume.   It is hardly necessary to say that the ruling was right.

Judgment affirmed.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE SHEAFOR and MR. JUSTICE WHITFORD concur.